### Julia D. Ramsay et al. v. Wm. H. H. Nichols.

1. MECHANIC'S LIEN—*Repairing Separate Tracts, etc.*—A party furnishing labor and materials in repairing separate pieces of property, under an implied contract with the owner, to be paid therefor as much as the same are reasonably worth, becomes entitled to a lien upon each piece of property for the amount due him for such repairs thereon, upon filing his affidavit with a just and true statement of the amount due him, as required by the statute.

**Mechanic's Lien.**—Error to Circuit Court of Clinton County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1896. Affirmed. Opinion filed March 3, 1897.

#### STATEMENT OF THE CASE.

Defendant in error filed his petition for mechanic's lien in the Circuit Court, and made all the heirs at law and the administrator of the estate of Rufus N. Ramsay defendants. The cause was heard upon answers of each adult defendant, and the answer of the minor defendant by her guardian *ad litem*, to which answers replication was filed, and upon the issue thus made the evidence was heard by the court and a decree was entered, finding that the court had jurisdiction of the parties and subject-matter of said suit; that the matters stated in the petition are true, and that the equities are with the complainant; that he is a mechanic, viz., plasterer, paper hanger and brick mason; that on or about April 16, 1894, Rufus N. Ramsay, now deceased, at that time and on

Ramsay v. Nichols.

divers days thereafter, desired petitioner to furnish materials and labor for and in repairing his residence, situate on W. ½, block 63, Bruse's 1st Add. to the town (now city) of Carlyle, and in repairing his banking house and store building, situate on lot 10, block 40, Middle Town, now city of Carlyle, and repairing his tenant house, situate on lot 9, in block 32, in said Middle Town, all in Clinton county, Illinois, by papering, laying brick, patching and furnishing materials and labor thereon in repairing said houses on the premises aforesaid, then owned and which were owned at the time of his death, by said Rufus N. Ramsay, and thereupon a verbal contract was entered into between petitioner and said Ramsay, to furnish materials and labor in papering, plastering, cementing and patching the said houses on said premises, on and at the dates specified in petitioner's account of such labor and materials, as follows :

| 1894. | April 16. | To labor, patching, materials, hanging paper and pump repairs.... | $21.00 |
| " | April 20. | To cement and sand............... | 1.50 |
| " | April 23. | To labor and material, repairing cellar........................ | 4.30 |
| " | May 9. | To material, brick, sand and hauling for privy vault............ | 6.50 |
| " | Oct. 8. | To repairing grate and material.... | 1.00 |

Total.....................$34.30

The above material and labor was furnished and used on his residence, situate on W. ½, block 63, in Bruse's 1st Add. to town of Carlyle, Ill.

| May 12. | To labor and material and repairing tenant house................................ | $7.65 |
| May 14. | To cleaning out well, materials and labor on same.......................... | 3.75 |
| May 21. | To putting chain pump in well........... | 6.50 |

Total.......................$17.90

The last above materials and labor were furnished and

used on tenant house situate on lot 9, blk. 32, in Middle
Town, Carlyle, Ill.

Aug. 23.   To labor and materials on bank building . . $59.50
Oct. 20.   To patching on store room . . . . . . . . . . . . . .    .65

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . $60.15

The last above materials and labor were furnished and
used on bank building, situate on lot 10, block 40, Middle
Town of Carlyle.

And it was further agreed by said Ramsay that he would
pay petitioner for such labor and materials upon said build-
ings as much as the same were reasonably worth, to be paid
when said labor and materials were performed, furnished
and completed, and petitioner' did in pursuance of said
agreement at once and at the various times, as mentioned in
his said account, furnish all necessary materials and labor
for the proper repair of said buildings, and as directed by
said Ramsay; that said items of said account are, and each
of them is, fairly and justly set down; that the price charged
for each article or item is fair and reasonable; that said
materials so used in said buildings were of good quality, and
the work and labor done thereon was in a good workman-
like manner; that said buildings were fully repaired by
petitioner and accepted by said Ramsay; that $112.35 is
now due petitioner for said work and materials on said
buildings, which sum nor any part thereof has been paid
petitioner; that petitioner filed his affidavit for the purpose
of creating a lien against said premises on February 2,
1895, in the circuit clerk's office, Clinton Co., Illinois; that
said Rufus N. Ramsay died intestate November 11, 1894,
leaving him surviving Julia D. Ramsay, his widow, Effie
Ramsay, Edna Ramsay, and E. P. Ramsay, his children and
only heirs at law.

Upon these findings of fact, the court decreed the peti-
tioner was entitled to a lien for $112.35 on said premises, to
wit: $34.30 lien on W. ½, blk. 63 Bruse's 1st Add. to Town
of Carlyle; $17.90 lien on lot 9, B. 32 Middle Town of Car-
lyle; and $60.15 lien on lot 10, blk. 40, Middle Town of
Carlyle; and that petitioner have a lien on said premises for

said respective sums, with five per cent interest thereon from the date of decree, with costs of suit, to be paid to the petitioner out of the proceeds of the sale of these respective tracts of land, when sold by the administrator of the estate of Rufus N. Ramsay, deceased, under a former decree of this court for the sale of said premises and other lands by said administrator to pay the debts against said estate.

H. V. MURRAY and M. P. MURRAY, attorneys for plaintiffs in error.

JNO. J. McGAFFIGAN, and J. G. IRWIN, attorneys for defendant in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

We have examined this record, and it fully supports the findings of facts as set forth in the foregoing decree.

Petitioner furnished labor and materials in repairing on three separate pieces of property, under an implied contract with Rufus N. Ramsay, then the owner thereof, to so furnish said materials and labor, and be paid therefor the sum such materials and labor were reasonably worth when all of the same had been so furnished and performed. The first labor and materials were furnished on April 16, 1894, and the last on October 26, 1894. At this last date petitioner was entitled to his pay therefor, and, as a mechanic, became entitled to a lien upon each piece of said property for the amount due him for so repairing thereon. Within four months from that date, viz., on February 2, 1895, petitioner filed his affidavit with a just and true statement of the amount due him for such materials furnished and labor performed. The affidavit and accompanying account were such as the statute required. Hays v. Hammond et al., 44 N. E. Reporter, 422, and were filed with the circuit clerk in apt time.

The court properly found the amount which petitioner proved he was entitled to for repairing on each piece of property, and decreed a lien for the several amounts on each of said pieces, as was right under the proof. The decree is affirmed.